UNITED STATES DISTRICT COURT
                        CENTRAL DISTRICT OF CALIFORNIA
                             WESTERN DIVISION


RITA DeDEN on behalf of            )   No. CV 17-4123-VAP (PLA)
BRIAN ANTHONY DeDEN,               )
                                   )   **ORDER TO SHOW CAUSE RE: DISMISSAL**
            Petitioner,            )   **OF HABEAS PETITION**
                                   )
       v.                          )
                                   )
ATTORNEY GENERAL OF CALIFORNIA,    )
                                   )
            Respondent.            )
_____)
                                   )

On June 2, 2017, Rita DeDen ("Ms. DeDen") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet.") on behalf of her son, Brian Anthony DeDen ("petitioner"). Ms. DeDen purports to be filing the Petition as a "next friend," pursuant to Central District Local Rule 83-16.3. (Pet. at 2, Attach. to Question 9). According to the Petition, petitioner is being "detained in Peru awaiting extradition" to appear in Los Angeles County Superior Court case number BA425130. (Pet. at 2). He has not yet been convicted or sentenced. (Id.). The Petition raises four claims: (1) many of the charges against petitioner are barred by the four-year statute of limitations because the acts alleged in this "real estate case . . . were final -- contracts and grant deeds were fully executed by property sellers beyond 4-years"; (2) the prosecutor gave improper or no instructions to the grand jury on the charges against

petitioner; (3) the prosecutor adduced false testimony and suppressed exculpatory evidence at the grand jury hearing; and (4) the prosecutor "used old events . . . to obtain false testimony from people with flexible memories . . . to gain tactical advantage," and "waited 1.5 years to seek extradition after arresting and settling [with] all other defendants."[1]  (Pet. at 3-4).

**II.**

**DISCUSSION**

**A.	"NEXT FRIEND" PETITIONS**

A federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue. Whitmore v. Arkansas, 495 U.S. 149, 154, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990).  A litigant demonstrates standing by showing that he has suffered an injury in fact that is fairly traceable to the challenged action and is redressable by a favorable judicial decision.

A third party, or "next friend," can appear in court on behalf of detained prisoners who are unable to seek relief themselves. Id. at 161-62 (noting that 28 U.S.C. § 2242, which allows for an application for writ of habeas corpus to be signed and verified "by the person for whose relief it is intended *or by someone acting in his behalf*," codified the "next friend" doctrine) (emphasis in original).  A "next friend" does not herself become a party to the habeas corpus action in which she participates.  She merely pursues the cause on behalf of the detained person, who remains the real party in interest. Id. at 163.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id.  In order for such standing to be granted, two requisites must be satisfied. First, the "next friend" must provide an adequate explanation, such as inaccessibility, mental incompetence, or other disability, why the real party in interest cannot appear on his own behalf to prosecute the action. See, e.g., United States ex rel. Toth v. Quarles, 350 U.S. 11, 13

---

[1]	A review of the state court's website shows that eleven individuals were arraigned in this case.

n.3, 76 S. Ct. 1, 100 L. Ed. 8 (1955) (habeas petition brought by sister on behalf of civilian prisoner held in military prison in Korea); Massie ex rel. Kroll v. Woodford, 244 F.3d 1192, 1196 (9th Cir. 2001) (next friend must present "meaningful evidence" that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision); Hamdi v. Rumsfeld, 294 F.3d 598 (4th Cir. 2002) (father of alleged enemy combatant detained at a naval station brig in Virginia granted "next friend" standing). Second, the "next friend" must have some significant relationship with, and be truly dedicated to, the best interests of the petitioner. Massie, 244 F.3d at 1194 (citing Whitmore, 495 U.S. at 163); cf. Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1161-62 (9th Cir. 2002) (coalition lacks standing as "next friend" because it had not demonstrated any relations with the detainees on whose behalf the petition was brought). It is clear that a "next friend" may not file a habeas corpus petition on behalf of a detainee if the detainee himself could file the petition. See Whitmore, 495 U.S. at 163 (citing Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989)). These limitations were placed so that the writ of habeas corpus should not be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves as "next friends." Whitmore, 495 U.S. at 164. Where a habeas petition is brought by an individual who lacks standing to proceed as "next friend" of the petitioner, the Court lacks jurisdiction over the action. See id. at 166.

As set forth above, Ms. DeDen has filed the current Petition on behalf of her son who is being detained in Peru awaiting extradition. Although Ms. DeDen presumably has a significant relationship with her son and is dedicated to his best interests, she has not made any showing as to this prerequisite. Neither has she demonstrated that petitioner's detention in Peru renders him "inaccessible" for purposes of asserting her "next friend" status. Her desire to litigate on behalf of her son in and of itself is not sufficient. Martinez v. Mitchell, 2009 WL 381969, at *2 (E.D. Cal. Feb. 13, 2009).

Nor does Local Rule 83-16.3 -- pursuant to which Ms. DeDen purports to bring the Petition -- confer "next friend" standing on Ms. DeDen. That rule provides the following:

> A next friend petition for a writ of habeas corpus in *exclusion, deportation and removal* cases must allege that the petitioner has been authorized by the applicant for admission or respondent in the proceedings to file the petition. If the petition is filed by a relative who is the . . . mother . . . of the applicant for admission in the proceedings, that fact shall be alleged and authorization to file the petition need not be shown.

Local Rule 83-16.3 (emphasis added). In this case, however, petitioner (as alleged by Ms. DeDen) seeks to "stay" his *extradition* from Peru to appear in Los Angeles County Superior Court. (Pet. at 1, Attach. to question 9). It appears, therefore, that Local Rule 83-16.3, providing for "next friend" status without showing authorization in only three specific types of cases (exclusion, deportation, and removal), is inapplicable in this extradition case.

**B.     EVEN A "NEXT FRIEND" CANNOT PROCEED WITHOUT COUNSEL**

Assuming that the Whitmore requirements could be met if competent evidence were to be provided by Ms. DeDen, even a qualified "next friend" may not proceed with a habeas action on behalf of another without an attorney. See Stoner v. Santa Clara Cty. Off. of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) (although False Claims Act authorizes a relator to bring a *qui tam* action on behalf of the government, it does not authorize relator to proceed pro se); see also Mitchell v. Yates, 2011 WL 486568, at *2 (C.D. Cal. Jan. 27, 2011) ("individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law") (quoting Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978)). Ms. DeDen does not contend that she is an attorney, and a non-attorney has no authority to appear on behalf of anyone but herself. See United States v. French, 748 F.3d 922, 933 (9th Cir. 2014) (citing Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997)). In short, Ms. DeDen may not use the "next friend" vehicle to engage in the unauthorized practice of law by acting as a *pro se* "next friend." See, e.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity") (citations and footnote omitted); Weber, 570 F.2d at 514; see Whitmore, 495 U.S. at 164. Indeed, Local Rule 83-2.2.1 expressly prohibits a pro se litigant from delegating his representation to any other person, including a spouse or a relative. Petitioner

is not entitled, therefore, to have an unlicensed lay person, such as Ms. DeDen, represent him in this Court as his attorney.

Thus, the Petition is subject to dismissal for lack of standing and/or lack of jurisdiction.

**C.  ORDER**

Based on the foregoing, Ms. DeDen is **ordered to show cause** why the instant Petition should not be dismissed without prejudice for lack of jurisdiction because she lacks standing to bring the action on behalf of petitioner, and because she is not an attorney authorized to practice law before this Court.

To avoid dismissal, if Ms. DeDen still seeks to proceed on behalf of petitioner as a "next friend," **on or before June 28, 2017**, she shall (1) file a motion seeking "next friend" status, addressing the factors cited in Whitmore; and (2) either provide evidence that she is authorized to practice law before this Court, or proceed with legal representation.[2]

Alternatively, if Ms. DeDen agrees that the action should be dismissed without prejudice for lack of standing, or for any other reason, she may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41").  Rule 41 allows for the voluntary dismissal of an action by a petitioner without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987).  Respondent has not yet appeared in this action.  The Court clerk is directed to send Ms. DeDen a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

/

/

/

---

[2] Given Ms. DeDen's lack of standing and the Court's lack of jurisdiction, the Court expresses no opinion on the merits of the Petition, or whether the Petition is subject to dismissal for any procedural defects.

**Failure to respond to this Order by June 28, 2017, will result in the Petition being summarily dismissed without prejudice for lack of jurisdiction, for failure to prosecute, and/or for failure to follow court orders.**

DATED: June 7, 2017

*/s/ Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE